UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| WESLEY W. HANSON, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | Case No. 2:12-cv-260-JMS-DKL |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Entry Granting Petition for Writ of Habeas Corpus
and Vacating Armed Career Criminal Enhancement**

This cause is before the Court on the petition of Wesley W. Hanson for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Hanson is incarcerated at the Federal Correctional Institution in Terre Haute, Indiana. For the reasons set forth in this Entry, the Court finds that Hanson's petition for a writ of habeas corpus must be **granted.**

Hanson was convicted in the Western District of Wisconsin in January of 2003 after pleading guilty to possessing an unregistered firearm and possessing a firearm after a felony conviction. *United States v. Hanson*, 3:02-cr-0090-BBC-1 (W.D.Wis. Jan. 9, 2003). The sentencing court also determined that Hanson was an armed career offender pursuant to 18 U.S.C. § 924(e)(1), having three prior violent felony convictions.

On March 25, 2009, Hanson filed in the trial court a Rule 52 motion for review for plain error. That motion was construed as a motion pursuant to 28 U.S.C. § 2255 and dismissed as untimely the same day. *United States v. Hanson,* No. 3:02-cr-0090-BBC-1, 2009 WL 801760 (W.D.Wis. March 25, 2009).

Petitioner Hanson argues that his section 2255 remedy was inadequate because of changes in the law that render him innocent of his armed career criminal enhancement. In this case, the Court concluded in the Entry of January 17, 2014, that Hanson did not have an adequate and effective opportunity to test the legality of his detention by virtue of his failed § 2255 motion. 28 U.S.C. 2255(e). Therefore, his section 2241 petition may proceed.

Hanson filed a prior section 2241 petition in this district on July 29, 2010, arguing that his prior conviction of escape was a "walk away" escape and therefore was improperly counted as a violent prior felony pursuant to 18 U.S.C. § 924. *Hanson v. Marberry,* 2:10-cv-0196-JMS-DML (S.D.Ind. April 4, 2011). The issue was not resolved on the merits because the Court determined that even if the escape conviction was not a violent felony, Hanson would still have three requisite prior violent felony convictions, including two burglary convictions and one for sexual intercourse without consent. *Id.* In the respondent's return filed in that case, the respondent stated that "[a]ccepting as accurate Hanson's claim that his escape conviction was a 'walk-away escape,' and thus a non-violent offense, *see United States v. Hart,* 578 F.3d 674, 681 (7th Cir. 2009), Hanson still has the three requisite violent prior felony convictions needed to support his being sentenced pursuant to 18 U.S.C. § 924(e)(1)."

In this case, Hanson argues that his conviction for sexual intercourse without consent no longer qualifies as a violent felony. The respondent agrees, [dkt, 11 at 6], citing *United States v. McDonald,* 592 F.3d 808, 813-15 (7th Cir. 2010).

In response to the directions issued in the Entry of January 17, 2014, the respondent has conceded that Hanson's 1987 escape conviction does not qualify as a violent felony. The respondent has also reported that four prior convictions were used by the sentencing court in determining Hanson's armed career criminal status:

1. July 10, 1986 conviction for sexual intercourse without consent;
2. December 23, 1987, conviction for escape;
3. July 13, 1990, conviction of burglary of a dwelling; and
4. 1984 burglary of a grocery/hardware store, No. 84-CF-50

As noted, the respondent has conceded that neither the 1986 sexual intercourse without consent nor the escape convictions now qualify as violent felonies. This leaves two prior burglary convictions, a number insufficient to satisfy the requirement of having three prior felony convictions to support Hanson being sentenced pursuant to 18 U.S.C. § 924(e)(1). *See Narvaez v. United States,* 674 F.3d 621, 627 (7th Cir. 2011) (where petitioner was sentenced pre-*United States v. Booker,* 543 U.S. 220 (2005), a "postconviction clarification in the law" concerning repeat violent offenders rendered the sentencing court's decision unlawful).

Hanson's armed career criminal enhanced sentence based on non-qualifying convictions places Hanson in a situation similar to that of Narvaez. Hanson's petition for writ of habeas corpus must be **granted.** *See also Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013).

Given the changes in the law (*Hart* and *McDonald*) that undermine the use of two of Hanson's prior convictions, as well as the directive of *Narvaez,* the armed career criminal enhancement must be vacated and Hanson must be resentenced. The trial court shall be provided with appropriate notice of this disposition so it may proceed as warranted. Judgment consistent with this Entry shall now issue.

The clerk shall deliver this Entry and Judgment to the Clerk of the United States District Court for the Western District of Wisconsin for filing in *United States v. Hanson*, 3:02-cr-0090-BBC-1 (W.D.Wis. Jan. 9, 2003). Counsel for the respondent shall contact the United States Attorney for the Western District of Wisconsin to notify that official of this ruling.

**IT IS SO ORDERED.**

02/19/2014

*[Signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**NOTE TO CLERK:** **PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**

Distribution:

Wesley W. Hanson, Reg. No. 05180-090, Terre Haute Federal Correctional Institution, P.O. Box 33, Terre Haute, IN 47808

All electronically registered counsel

Clerk of Court, United States District Court, Western District of Wisconsin, 120 North Henry Street, Suite 320, Madison, WI 53703